UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Rodolfo Pilar Ibarra,

            Petitioner,

   vs.                                             REPORT AND RECOMMENDATION

United States of America,

            Respondent.                    Civ. No. 05-1840 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Rodolpho Ibarra for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must (continued...)

II.  <u>Factual and Procedural Background</u>

In June of 1999, the Petitioner was convicted in the United States District Court for the District of Minnesota of having violated Federal drug laws.  See, <u>United States v. Ibarra</u>, Crim. No. 98-137 (7) (DSD/AJB).  He was sentenced to one hundred and sixty-eight (168) months in Federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.  See <u>Petition</u>, p. 2, at ¶¶ 1-4.

The Petitioner did not challenge his conviction, or sentence, on direct appeal, nor has he ever challenged his conviction, or sentence, in a Motion brought pursuant to Title 28 U.S.C. §2255.  <u>Id.</u>, at ¶7; p. 3, at ¶ 10.  The Petitioner now attempts to challenge his sentence, apparently for the first time, in his current Petition for a Writ of Habeas Corpus under Title 28 U.S.C. §2241.  In support of his Petition, the Petitioner claims that:

----

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner."  Although the Rules governing Section 2254 cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to habeas cases brought under Title 28 U.S.C. § 2241.  Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>,  1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

(1)   "Since now the [Federal Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences; and

(2)   "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs,"[2] in order to

---

[2]By way of background, "Fast-Track Programs" were recently addressed, in a recent law review article, as follows:

Fast-track programs allow a prosecutor to offer a defendant a reduced sentence in exchange for a pre-indictment guilty plea.  These programs have been used unofficially along the southwest border for several years.  Official recognition of fast-track programs came in 2003, when Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, [footnote omitted] which officially sanctioned the use of fast-track programs in limited circumstances.   [Footnote omitted.]   Not all districts are allowed to use these programs; fast-track may only be employed if a district has an exceptional circumstance that warrants the adoption of a fast-track program.  [Footnote omitted.]  In drug and immigration cases, approval likely will be reserved for districts along the southwest border. [Footnote omitted.] Implementation of the fast-track program means that sentencing in southwest border districts is guaranteed to be different from sentencing in non-border districts.  By creating a situation where the severity of the sentence depends only upon place of arrest, the fast-track program

(continued...)

> "reduce unwarranted disparity between similar[ly] situated
> offenders;"

<u>Id.</u>, p. 3, at ¶9, and attachment.

The Petitioner also cites <u>United States v. Booker</u>, --- U.S. ---, 125 S.Ct. 738 (2005),

in support of his Petition, <u>id.</u>, p. 4, at ¶12, and it is readily apparent that both of his

claims are based, at least in part, on <u>Booker</u>'s pronouncement that the Federal

Sentencing Guidelines are now "advisory," rather than mandatory.

In view of the Record presented, we find that the Petitioner cannot advance his

current challenges to his sentence in a Habeas Corpus Petition brought under Title 28

U.S.C. §2241.

III.  <u>Discussion</u>

---

[2](...continued)

> promotes disparity in sentencing.   Accordingly, the
> program contravenes the spirit of the United States
> Sentencing Guidelines ("Sentencing Guidelines"), which
> were established to prevent disparity between similarly
> situated defendants.

<u>Erin T. Middleton</u>, <u>Fast-Track to Disparity: How Federal Sentencing Policies Along
the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal
Protection</u>, 2004 UTAH L. REV. 827, 827-28.

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion brought in the Trial Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence.  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255* * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").  No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title

28 U.S.C. §2255; see also <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983)(same).

Here, the Petitioner is clearly challenging the validity of the sentence imposed, in 2000, in his Federal criminal case.  Since the Petitioner is directly challenging the sentence he received, the Court finds that his present Habeas Corpus Petition is clearly subject to, and barred by, Section 2255's exclusive remedy rule.  Therefore, Petitioner cannot bring his current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed to be a Motion brought under Section 2255. The matter can then be transferred to the Trial Court so the prisoner's claims can be addressed on the merits there.  Here, however, the Petitioner is precluded from seeking relief under Section 2255 by reason of the one-year statute of limitations that applies to Motions brought under that statute.  See <u>Title 28 U.S.C. §2255</u>, at ¶6.  Therefore, it would be inappropriate to construe the present Habeas Corpus Petition as a Section 2255 Motion, and attempt to transfer this matter back to the Court in which the Petitioner was convicted and sentenced.

Moreover, it appears that the Petitioner may have deliberately elected to seek relief under the Section 2241 Habeas Corpus statute, based on a belief that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality" of his sentence. He may believe that his current Petition is exempted from Section 2255's exclusive remedy rule, and that he **can** challenge his conviction, and sentence, in a Section 2241 Habeas Corpus proceeding, because he is not presently eligible for relief under Section 2255. Such reasoning, however, must be rejected.

The procedural rules that limit the availability of relief under Section 2255 would be rendered meaningless if a prisoner, who is procedurally barred from bringing a Section 2255 Motion, could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should, therefore, be allowed to bring his claims in a Section 2241 Habeas Corpus Petition. Congress could not have intended that the procedural limitations, on Section 2255 Motions, could be so easily evaded. Accordingly, our Court of Appeals has held that Section 2255 will not be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion * * * or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the

- 7 -

one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)[citations omitted]; see also, United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied sub nom., 537 U.S. 869 (2002)(reaffirming that Section 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on Section 2255 Motions); Hill v. Morrison, supra at 1091("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under Section 2255. In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Applying this rule, here, it is plain that, at least to the extent that the Petitioner's current claims do **not** rely on Booker, he cannot seek Habeas Corpus relief under Title 28 U.S.C. §2241. To the extent that the Petitioner's claims are **not** based on Booker, he could have raised them in a direct appeal, or in a timely Section 2255 Motion. He cannot claim that Section 2255 has become "inadequate or ineffective" simply because he previously failed to raise such claims, and he is now

- 8 -

barred from raising those claims under Section 2255 by reason of the one-year statute of limitations.

We fully recognize, of course, that the Booker decision, which apparently precipitated the Petitioner's current application for Habeas Corpus relief, had not been decided when the Petitioner could have sought relief on direct appeal, or in a timely Section 2255 Motion, and thus, he could not have previously challenged his sentence, based on Booker, in a direct appeal, or in a timely Section 2255 Motion. However, that does not mean that Section 2255 must be viewed as an "inadequate or ineffective remedy" for any of the Petitioner's current claims that are based on Booker.

In United States ex rel. Perez v. Warden, FMC Rochester, supra at 1062, our Court of Appeals held that Federal prisoners cannot bring claims, based upon the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) -- which is the direct precursor of Booker -- in a Section 2241 Habeas Corpus Petition because, even though "a federal prisoner may never ventilate an Apprendi issue in a [Section] 2255 motion," Section 2255 is not considered to be  an inadequate or ineffective remedy for such claims.  The Court explained its ruling, in Perez, as follows:

> [Appellants'] contend [Section] 2255 is inadequate or ineffective because it is the impediment to the relief they seek.  But this is not so.  Their true impediment is Apprendi

> itself, **not the remedy by [Section] 2255 motion**. To be
> more precise, appellants are hamstrung because the
> Supreme Court has not yet ruled (and indeed may never
> rule) that <u>Apprendi</u> applies retroactively to past criminal
> convictions. Neither * * * [of the appellants] may raise an
> <u>Apprendi</u> claim in a second [Section] 2255 motion unless
> and until <u>Apprendi</u> applies retroactively.

<u>Id.</u> [emphasis added].

The Court later added that:

> Appellants' attempts to gain relief [under <u>Apprendi</u>] have
> not been hampered by the [Section] 2255 remedy itself.
> Rather, they cannot presently obtain relief because the
> constitutional doctrine announced in <u>Apprendi</u> has not been
> made retroactive by the Court.

<u>Id</u>.

The Court's reasoning, in <u>Perez</u>, is directly applicable to the Petitioner's current claims

predicated upon <u>Booker</u>. If <u>Booker</u> had established "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court," then the

Petitioner would have been accorded a new one-year limitations period in which to

raise his <u>Booker</u> claims in a Section 2255 Motion. See <u>Title 28 U.S.C. § 2255</u>, at

¶6(3).

However, <u>Booker</u> cannot be applied retroactively on collateral review. In <u>Never

Misses A Shot v. United States,</u>  413 F.3d 781 (8th Cir. 2005), the Court held that

- 10 -

<u>Booker</u> is **not** retroactively applicable on collateral review.[3]  The Court specifically stated that "the 'new rule' announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Id</u>. at 783.[4]

As the Court further explained, in <u>Perez</u>, it is the absence of retroactive applicability -- not any deficiency in the remedy provided by Section 2255 -- that precludes Petitioner from raising his <u>Booker</u> claims in a Section 2255 Motion. According to <u>Perez</u>:

---

[3]Every other Federal Court of Appeals, which has considered the question of whether <u>Booker</u> is retroactively applicable on collateral review, has also concluded that it is not.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir. 2005), <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005).

[4]The Petitioner's case is clearly distinguishable from <u>United States v. Robinson</u>, 2005 WL 1653130 (8th Cir., July 15, 2005)(unpublished opinion), which is cited in Petitioner's first claim for relief.  In <u>Robinson</u>, the defendant "preserved at sentencing the question of the constitutionality of the Federal Sentencing Guidelines," and raised his <u>Booker</u> claim in his direct appeal.  The defendant in <u>Robinson</u> did not attempt to raise his <u>Booker</u> claim for the first time in a collateral proceeding, as the Petitioner is attempting to do here.  Therefore, <u>Never Misses A Shot</u> was not applicable in <u>Robinson</u>, but it is directly applicable here.

> [Section] 2255 is not inadequate or ineffective simply
> because a new constitutional doctrine which could reduce
> a federal prisoner's existing sentence cannot be applied
> retroactively * * * [but rather it is] the new constitutional
> doctrine's non-retroactivity * * * [that] prevents the federal
> prisoner from correcting his sentence.   Of course, that
> impediment cannot be charged to the [Section] 2255
> remedy.

United States ex rel Perez v. Warden, FMC Rochester, supra at 1062.

Therefore, even though Petitioner's claims are based, at least in part, on Booker, and

even though that case was not decided until more than a year after Petitioner's

conviction and sentence became final, it cannot be said that the remedy provided by

Section 2255 is "inadequate or ineffective" on that ground.   In other words, the

"Petitioner cannot claim, even with respect to his * * * Booker claims, that the remedy

provided by [Section] 2255 is 'inadequate or ineffective,'" and that he should

therefore be allowed to raise such claims in a Section 2241 Habeas Petition.   Tineo v.

LeBlanc, 2005 WL 740520 at *2 (D. Minn., March 31, 2005).

Since the "inadequate or ineffective remedy" exception is not available to

Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his 2000

Federal prison sentence, cannot be entertained here.   See Bauer v. Ashcroft, 2003 WL

541692 at *2 (D. Minn., February 19, 2003).   Accordingly, we recommend that the

Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction.

- 12 -

See <u>DeSimone v. Lacy</u>, supra at 323-24(Section 2241 Habeas Petition challenging judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that Section 2255 motion was an inadequate or ineffective remedy).

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. § 2241 [Docket No. 1] be summarily DISMISSED for lack of jurisdiction.

Dated: August 19, 2005            s/Raymond L. Erickson
                                  Raymond L. Erickson
                                  UNITED STATES MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 7, 2005**, a writing which specifically identifies those portions of the

Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 7, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.