UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RODOLFO PILAR IBARRA, | Civil No. 05-1840 (JRT/RLE) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF** |
| UNITED STATES OF AMERICA, | **MAGISTRATE JUDGE** |
| Respondent. | |

---

Rodolfo Pilar Ibarra, #08409-041, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Timothy C. Rank, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, for defendant.

Petitioner Rodolfo Ibarra ("Ibarra"), a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated August 19, 2005, United States Magistrate Judge Raymond L. Erickson recommended dismissing Ibarra's petition for lack of jurisdiction. Petitioner has objected to the Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules petitioner's objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

In June 1999, petitioner was convicted in the United States District Court for the District of Minnesota of having violated Federal drug laws. He was sentenced to 168 months in Federal prison, and he is currently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota. Petitioner did not challenge his conviction, or sentence, on direct appeal, nor has he ever challenged his conviction, or sentence, in a motion under 28 U.S.C. §2255.

Petitioner objects to the report and recommendation, arguing that his petition should not be dismissed under Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts. The Court disagrees.

## ANALYSIS

The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); Ortega v. Turner, 991 F.2d 799 (7th Cir. 1993); *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989). The Magistrate Judge properly applied The Rules Governing Section 2254 Cases to the petition.

Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Magistrate Judge correctly determined that petitioner is not entitled to relief in this Court.

A federal prisoner challenging a conviction must file the motion in the sentencing court under 28 U.S.C. § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The only exception to this "exclusive remedy" rule is that a federal prisoner may challenge the imposition of his sentence under 28 U.S.C. § 2241 if he can demonstrate that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

Petitioner has failed to offer any reason why a § 2255 motion would be "inadequate or ineffective." As a result, the Court holds that petitioner may not seek habeas corpus relief under § 2241.

A court may, in certain instances, simply construe a § 2241 petition barred by the exclusive remedy rule as a § 2255 motion. In this case, however, it would be futile to construe the petition as a § 2255 motion. Petitioner seeks to collaterally attack his sentence based on *United States v. Booker*, 543 U.S. 220 (2005). The Eighth Circuit has held that *Booker* does not apply retroactively on collateral review. *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). Because petitioner may not raise a *Booker* claim in collateral proceedings, it would be futile to construe petitioner's § 2241 petition as a § 2255 motion.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's Objection [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2]. Accordingly, **IT IS HEREBY**

- 4 -

**ORDERED** that petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   February 7, 2006                          s/ John R. Tunheim
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                        United States District Judge